```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

WILLIE A. SULLEN,                    *
                                     *
     Plaintiff,                      *
                                     *
vs.                                  * CIVIL ACTION NO. 22-00404-TFM-B
                                     *
CHARLES R. BUTLER, et al.,           *
                                     *
     Defendants.                     *
```

## REPORT AND RECOMMENDATION

This action is before the Court on review of Willie A. Sullen's amended complaint. (Doc. 17). For the reasons set forth below, the undersigned recommends that this action be **DISMISSED with prejudice** based on Sullen's repeated failures to plead a complaint that provides adequate notice of his claims and complies with the Federal Rules of Civil Procedure.

I.   BACKGROUND

Plaintiff Willie A. Sullen filed a *pro se* complaint and a motion to proceed *in forma pauperis* in the Northern District of Alabama, and Sullen was permitted to commence this action without prepayment of fees or costs. (Docs. 1, 2, 4). This case was subsequently transferred to the Southern District of Alabama and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or

recommendation on all pretrial matters as may be appropriate. (Docs. 13, 14, 15).

Upon review of Sullen's complaint (Doc. 1), the Court, in an order dated January 26, 2023, found that it was "deficiently pled and an impermissible shotgun pleading." (Doc. 16 at 1). The Court stated that Sullen's complaint was deficient because it was "rambling, confusing, poorly organized, and [did] not provide sufficient factual information to place the Court and Defendants on notice of the actions purportedly taken *by each Defendant* to violate Sullen's rights, the *specific legal claims* he is attempting to assert against each Defendant, or the relief he is seeking in this action." (Id. at 3 (emphasis in original)). The Court noted that Sullen's complaint alleged "numerous errors or violations of his rights without connecting them to the actions of any particular Defendant." (Id.). The Court also noted that Sullen's complaint was haphazardly organized and "replete with lengthy legal arguments and case citations, which are inappropriate in a complaint." (Id. at 4). The Court further noted that parts of Sullen's complaint appeared to have been "cobbled together from previous court filings, placing additional burden on the Court and Defendants to decipher what Sullen is claiming in *this* action." (Id. at 4-5 (emphasis in original)).

The Court noted that Sullen's complaint did not properly separate each cause of action or claim for relief into different

2

counts, and that Sullen had failed to make clear what claims for relief he was asserting or which Defendant(s) each claim was brought against. (Id. at 5). Instead, Sullen organized his complaint by "issues" and proceeded to argue those broad issues at length without adequately connecting them to the actions of any particular Defendants or to any specific causes of action or legal claims. (Id. at 6). The Court found that Sullen's complaint violated Federal Rule of Civil Procedure 10(b) because his allegations were not stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." (Id. (quoting Fed. R. Civ. P. 10(b))). The Court also stated that Sullen's complaint was "oppressively and unnecessarily long, verbose, and repetitive," and that it was "rife with labels and legal conclusions" that significantly increased its length and repetitiveness without adding any factual substance to the allegations. (Id.).

The Court explained to Sullen the applicable pleading standards for a complaint in federal court, including what is required to state a claim for relief, the requirements of Federal Rules of Civil Procedure 8 and 10, and the prohibition against "shotgun pleadings" which violate those rules and fail to provide adequate notice of a plaintiff's claims. (Id. at 1-3, 8-9 & n.5).

3

The Court ordered Sullen to file an amended complaint on or before February 24, 2023, which complied with the following directives:

> The amended complaint must comply with Rules 8 and 10 by providing fair notice of what Sullen is claiming and presenting each of his claims for relief with sufficient clarity to permit Defendants and the Court to discern the factual basis for each claim raised against each Defendant. Specifically, for each Defendant, Sullen is required to (1) detail the conduct for which he claims each Defendant bears responsibility, (2) clarify *which cause(s) of action* he is asserting against each Defendant, and (3) specify the conduct that each Defendant is alleged to have engaged in with respect to each cause of action. In addition, Sullen must identify his pleading as a first amended complaint, list all Defendants in the caption, separate his causes of action or claims for relief into different counts, state his allegations in numbered paragraphs that are each limited as far as practicable to a single set of circumstances, and specify the relief he seeks.

(Id. at 7-8 (emphasis in original)).

The Court emphasized to Sullen that the purpose of a complaint "is to give notice to the other parties in the form of a 'short and plain statement of the claim showing that the pleader is entitled to relief;' *not* to formulate or discuss issues, make legal arguments or citations, or fully summarize his legal positions or beliefs." (Id. at 8 (emphasis in original)). Thus, the Court informed Sullen that his "amended complaint must **clearly and briefly** set forth the **facts** in support of **each of his claims against each Defendant**, and it should supply only the facts necessary to allow the Court to reasonably infer that the

4

Defendants are liable for the misconduct alleged." (Id. (emphasis in original)).

Sullen was cautioned that if he failed to timely file an amended complaint that corrected the noted deficiencies in his original complaint as instructed, the undersigned would recommend that this action be dismissed. (Id. at 9). The Court directed the Clerk to send Sullen a copy of this Court's Pro Se Litigant Handbook and encouraged Sullen to review the handbook carefully and utilize it in drafting his amended complaint, so as to avoid repetition of his pleading errors. (Id. at 9-10).

In response to the Court's order, Sullen filed an amended complaint on February 15, 2023. (Doc. 17).

## II. STANDARDS OF REVIEW

### A.   28 U.S.C. § 1915(e)(2)(B).

Because Sullen is proceeding *in forma pauperis*, this Court has reviewed his amended complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). That section requires a district court to dismiss the action of a plaintiff proceeding *in forma pauperis* if it determines the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A case is frivolous under § 1915(e)(2)(B)(i) "when it appears the plaintiff has 'little or no chance of success.'" Carroll v.

5

Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not require detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid

6

of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

**B.  Federal Rules of Civil Procedure 8 and 10.**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Additionally, each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Rule 10(a) requires that every pleading "have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Rule 10(b) requires a party to state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has roughly

7

identified the following four broad categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See id. at 1321-23. Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

### C. *Pro Se* Litigation.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an

action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. **DISCUSSION**

Sullen's amended complaint runs afoul of the Federal Rules of Civil Procedure, violates the prohibition against shotgun pleadings, and disregards the clear and specific directives set forth in this Court's repleading order.

In the repleading order, the Court explicitly informed Sullen that it was improper for him to organize his complaint by "issues," and argue the merits of those broad issues in rambling narratives that neither specified the conduct for which Sullen claimed each Defendant was responsible nor made clear which legal claims or causes of action Sullen was asserting against each Defendant. (See Doc. 16 at 5-6). Instead, the Court directed Sullen to separate his causes of action or claims for relief into different counts, to specify what legal claims he was asserting, to make clear which Defendant(s) each claim was being brought against, and to specify the conduct that each Defendant was alleged to have engaged in with respect to each claim. (Id. at 5, 8). The Court also expressly directed Sullen to state his allegations in numbered

paragraphs that were each limited as far as practicable to a single set of circumstances. (Id. at 6, 8).

Sullen's amended complaint disregards these directives almost entirely. The amended complaint is not appreciably clearer than the original and essentially contains the same rambling, frequently incoherent narrative presented in the initial complaint. Like its predecessor, the amended complaint directly contradicts the spirit and language of Rule 8, which requires that a complaint contain "a short and plain statement" of the plaintiff's claims and "be simple, concise, and direct." See Fed. R. Civ. P. 8.

Although he begins the amended complaint by (incorrectly) numbering allegations regarding jurisdiction, venue, and the parties, Sullen rapidly reverts to the same stream-of-consciousness style of pleading that the Court condemned in his original complaint.[1] As best the Court can discern, Sullen is seeking to bring claims under 42 U.S.C. § 1983 for violations of his rights under the First, Sixth, Eighth, and Fourteenth Amendment, particularly his rights of equal protection and due process. (See Doc. 17, generally). Sullen also makes conclusory

---

[1] Although the allegations on the amended complaint's first two pages are stated in numbered paragraphs, Sullen restarts the numbering under each new subheading, essentially depriving the numbering of its meaning. Then, beginning on page three, Sullen ceases paragraph numbering entirely.

allegations of "negligence," "conspiracy," "collusion," and violations of the "Alabama Constitution" and "various Alabama state laws." (See id.). However, Sullen's amended complaint does not properly identify and separate his putative causes of action. Instead, Sullen organizes the amended complaint by setting forth what appear to be three overarching "issues," each of which appear to encompass multiple claims for relief, and by making rambling, often convoluted arguments regarding those issues. Because Sullen does not separate each cause of action or claim for relief into a different count, but instead broadly argues "issues," the amended complaint falls into the third shotgun pleading category. See Weiland, 792 F.3d at 1323. And, as noted, Sullen fails to state his allegations in numbered paragraphs that are limited to a single set of circumstances, in violation of Rule 10(b) and this Court's express directive, which significantly adds to the difficulty in deciphering his meandering allegations.

Sullen's amended complaint also falls into the fourth shotgun pleading category because it fails to provide sufficient factual information to adequately notify each Defendant of his actions that allegedly violated Sullen's rights or of the claims Sullen is asserting against him. See id. At best, Sullen's allegations conclusorily indicate that certain Defendants violated his rights by virtue of their involvement, as judges or attorneys, in a conviction, sentence, or proceeding that Sullen contends was

11

unlawful or defective. However, this type of pleading fails to adequately set forth the acts or omissions for which Sullen claims each Defendant bears responsibility. Moreover, particularly with regard to Sullen's lengthy and convoluted allegations regarding his post-conviction proceedings, it is not clear which Defendants his claims are asserted against.

Sullen's amended complaint plainly reflects a less-than-halfhearted attempt to comply with the Court's repleading order. Sullen has failed to comply with even the Court's most basic pleading instructions, including the directives to "list all Defendants in the caption,[2] separate his causes of action or claims for relief into different counts, [and] state his allegations in numbered paragraphs that are each limited as far as practicable to a single set of circumstances[.]" (See Doc. 16 at 8). Incredibly, more than half of Sullen's amended complaint consists of pages that were simply *photocopied from his deficient original complaint*. (Compare Doc. 1-3, with Doc. 17 at 10-22). Thus, rather than making a good faith attempt to correct the deficiencies in his original complaint, Sullen willfully chose to stand on his deficient pleading.

Based on the foregoing, it is clear that Sullen has not made a serious attempt to cure his prior complaint's deficiencies. The

---

[2] The caption of the amended complaint merely lists "Charles R. Butler, et al." as Defendants. (Doc. 17 at 1).

Court's previous order specifically cautioned Sullen that if he filed an amended complaint that failed to correct the noted deficiencies in his original complaint as instructed, the undersigned would recommend that this action be dismissed. (Doc. 16 at 9). Despite this warning, Sullen filed an amended complaint afflicted with the same deficiencies as the original complaint, the majority of which is photocopied from original complaint.

A *pro se* plaintiff must generally be given at least one chance to amend his complaint before his action can be dismissed on shotgun pleading grounds. Nezbeda v. Liberty Mut. Ins. Corp., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam). "When the amended complaint still fails to cure the deficiency, it may be subject to dismissal." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (per curiam); see Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (stating that implicit in "a repleading order is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions") (quotation omitted); Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under Fed.R.Civ.P. 41(b), on the

ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008); Birdette v. Saxon Mortg., 502 F. App'x 839, 841 (11th Cir. 2012) (per curiam) (affirming dismissal with prejudice for failure to comply with a court order where plaintiffs "were specifically informed as to how to replead their complaint to state a claim, and warned that a failure to comply with the court's order would result in dismissal, and they still failed to cure the deficiencies").

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to

14

correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon, 863 F.2d at 837.

As described in detail above, the Court's previous order gave Sullen fair notice of the defects in his initial complaint in this action and an ample opportunity to correct those deficiencies.³ The Court also made Sullen fully aware of the consequences of noncompliance. Despite the Court's warning and instructions, Sullen squandered his opportunity and willfully disregarded most of the Court's directives, even going so far as to refile a large section of his deficient earlier pleading. At this juncture, it appears that Sullen is unwilling or unable to amend his pleadings to comply with the Federal Rules of Civil Procedure and the Court's orders, and there is no indication that any further opportunities to amend would lead to improved results or state a claim upon which relief can be granted.⁴ Because Sullen was put on notice of the

---

³ The undersigned also notes that Sullen was informed of the requirements of Federal Rules of Civil Procedure 8 and 10 when he brought a substantially similar action in this Court three years ago and was required to replead his complaint in that earlier case to comply with those rules. See Sullen v. Hogan, No. 1:20-cv-00095-TFM-B (S.D. Ala. 2020), ECF No. 4.

⁴ Although Sullen's amended complaint is a shotgun pleading, it is reasonably clear that he is improperly seeking a renewed determination of the matters previously addressed by this Court in Sullen v. Hogan, No. 1:20-cv-00095-TFM-B (S.D. Ala. 2020), without
(Continued)

specific defects of his complaint but still filed an amended complaint that did not remedy these defects and did not comply with the Court's repleading order, the undersigned recommends that this action be dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED with prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper

---

alleging any material change in circumstances that would permit such a determination.  (See Doc. 16 at 5 n.3).

16

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **March, 2023.**

                                      **/S/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**