**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIE A. SULLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:22-cv-404-TFM-B** |
| | ) | |
| **CHARLES R. BUTLER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

On March. 22, 2023, the Magistrate Judge entered a Report and. Recommendation which recommends this case be dismissed with prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b).  *See* Doc. 18.  Plaintiff timely filed objections.  *See* Doc. 19.  As such, Report and Recommendation and objections are ripe for the Court's review.

Plaintiff in his objections notes that "The Magistrate was very critical of the way the Petition was drafted."  *See* Doc. 19 at 2.  However, despite that note, he fails to address the fact that his amended complaint failed to comply with the order which noted prior deficiencies and that his complaint constituted a shotgun pleading.  That remains true as noted by the Magistrate Judge in her Report and Recommendation.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Vil v. Perimeter Mortg. Funding Corp.*,

715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

In the case at hand, Plaintiff failed to comply with the directives on how to amend his complaint to comply with the federal rules.  As such, his objections are overruled.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.  Accordingly, this case is **DISMISSED with prejudice** for failure to comply pursuant to Fed. R. Civ. P. 41(b) and because the complaint is a shotgun pleading.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 29th day of June, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE